UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SLIPPERS INTERNATIONAL, INC., a Massachusetts Corporation; et al.,<br><br>　　　　　Defendants. | CASE NO.: 5:20-cv-01033-CBM-SPx<br><br>**ORDER GRANTING STIPULATION TO ENTRY OF PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE  [JS-6]**<br><br>**Hon. Consuelo B. Marshall** |

Upon consideration and for good cause shown, the Court hereby GRANTS Plaintiff **Deckers Outdoor Corporation** ("Plaintiff" or "Deckers") and Defendant **Slippers International, Inc.** ("Defendant" or "Slippers International") (together with Plaintiff, the "Parties") Stipulation to Entry of a Permanent Injunction against and Voluntary Dismissal of this Action with Prejudice as follows:

WHEREAS, on May 14, 2020, Plaintiff filed its Complaint against Defendant Slippers International in this Action (Dkt. No. 1);

WHEREAS, Plaintiff is the owner of U.S. Design Patent No. D599,999 ("the '999 Patent"), a copy of which is attached as Exhibit A to its Complaint, and the owner

of the "Bailey Button Boot Trade Dress," an inherently distinctive visual design comprising of the non-functional elements identified in ¶ 20 of Plaintiff's Complaint and examples of the overall appearance of which are shown in ¶ 21 of Plaintiff's Complaint and reproduced below for reference:



WHEREAS, Deckers' Complaint asserts causes of action against Slippers International for infringement of Deckers' Bailey Button Boot Trade Dress and unfair competition under the Lanham Act, patent infringement of the '999 Patent, and similar claims corresponding to its federal claims under the statutory and common law of California—all allegedly arising from Slippers International's manufacture, importation, distribution, advertisement, marketing, offer for sale, and/or sale of certain footwear products identified by name as the "Tamarac Sonika Boots" and/or the "Willowbee Sonika Boots" (the "**Accused Products**"), examples of which are shown in ¶ 17 of Deckers' Complaint and reproduced below for reference:



WHEREAS, the Parties have entered into a written Settlement Agreement that fully resolves all causes of action asserted against Defendant in this Action arising from the Accused Products;

WHEREAS, pursuant to the terms of the Settlement Agreement, Defendant has agreed to, and the Parties STIPULATED to entry of a Permanent Injunction and Voluntary Dismissal of this Action under the following conditions;

THEREFORE, the Court **HEREBY ORDERS** that:

1. The Court has personal jurisdiction over the Parties and subject matter jurisdiction in this Action at least pursuant to 15 U.S.C. § 1121.

2. Entry of this Permanent Injunction and Voluntary Dismissal with Prejudice, as well as any related Order that may follow this Stipulation, shall serve to bind and obligate each of the Parties hereto.

3. Defendant, including its agents, servants, successors and assigns, are permanently restrained and enjoined from:

    a. Manufacturing, importing into the U.S., advertising, marketing, offering for sale, or selling the Accused Products;

    b. Manufacturing, importing into the U.S., advertising, marketing, offering for sale, or selling any product infringing the '999 Patent;

      c.    Using Deckers' Bailey Button Boot Trade Dress in any way to market products, goods, or services offered by Defendant, or otherwise misrepresenting that any of Defendant's goods or services are licensed, authorized, produced, sponsored by, or in any other way associated with Plaintiff or Plaintiff's products.

4. The Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the enforcement, construction, or modification of Permanent Injunction entered by this Stipulation, as well as the Parties' written Settlement Agreement.

5. Each Party shall bear its own attorneys' fees and costs associated with this Action and Settlement Agreement, with no Party deemed as a prevailing party for any purposes.

6. Except as otherwise provided herein, this Action, including all claims asserted against Defendant in this Action, are hereby dismissed *with prejudice*.

**IT IS SO ORDERED.**

Dated: OCTOBER 1, 2020    By: _____
                                          **Hon. Consuelo B. Marshall**
                                          **United States District Judge**